UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL IDROGO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIV. NO. SA-15-CA-360-XR |
| | * | |
| SARAH GARRAHAN, et al, | * | |
| | * | |
| Defendants. | * | |

DISMISSAL AND REMAND ORDER

Michael Idrogo is seeking to remove a lawsuit from state court for the third time for "gross deprivations of civil rights under color of law." Alternatively, he states he is filing an original case, citing to 42 U.S.C. §§ 1981 and 1983. The case was originally filed by Idrogo in July 2010 in the 225th Judicial District Court of Bexar County Texas, cause no. 2010-CI-12389. In September 2010, Idrogo filed a motion for leave to remove the case to federal court, cause no. SA-10-MC-807-XR.

The federal case was dismissed October 25, 2010. The Dismissal Order notes that Idrogo is a frequent filer in this Court who has a history of filing frivolous and abusive litigation. In *In the Matter of Michael Idrogo*, No. A-98-CA-844 (W.D. Tex., *order entered* Dec. 23, 1998), Judge Hudspeth ruled that because of Idrogo's abusive litigation history he was barred from filing *in forma pauperis* ("IFP") complaints with this Court unless he

"alleges an imminent threat of death or serious bodily injury and [he] has received the written permission of a Judge of this Court to proceed with his lawsuit." Idrogo was denied leave to file his motion for removal which also failed to allege the requisite "imminent threat of death or serious bodily injury." The Court also noted that removal jurisdiction was lacking.

On April 7, 2011, Idrogo sought to remove the state case for the second time, cause no. SA-11-MC-305-XR. On April 25, 2011, the case was dismissed and remanded to state court. In addition to other reasons, the Dismissal Order again noted Judge Hudspeth's bar to the filing of lawsuits by Idrogo, as well as the lack of removal jurisdiction.

The state court docket sheet reflects no activity between the reinstatement of the case in state court in April 2011 until it was placed on the docket for dismissal for want of prosecution in October 2014. After several such settings, Idrogo removed the case to federal court for a third time on April 23, 2015. Idrogo's removal petition or original case suffers from the same flaws as both prior attempts at removal. He has neither sought nor received judicial permission to file this lawsuit. Review of his claims establishes that, once again, Idrogo has presented frivolous allegations and does not assert "imminent threat of death or serious bodily injury." No removal jurisdiction exists.

2

Idrogo has filed a motion for recusal of United States District Judge Orlando Garcia and any judge of the Western District of Texas. Title 28 U.S.C. § 455(a) requires that a judge disqualify himself from any proceeding in which his impartiality might reasonably be questioned. Under § 455, the alleged bias must be personal, as distinguished from judicial, in nature. *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Idrogo cites no factual basis for his motion for recusal which, in all likelihood, is based on his numerous case dismissals.

Accordingly, Idrogo's motion for recusal, application to proceed IFP and his Notice of Removal construed as a motion for leave to file are **DENIED**, and State Case No. 2010-CI-12389 is **REMANDED** to the 225th Judicial District Court. Idrogo's motion for leave to file an original complaint is also **DENIED**, and this federal case is **DISMISSED**.

It is so ORDERED.

SIGNED this 8th day of May, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3